# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> ADA 1824 PANELS, et al., <br><br> Defendants. | Case No. 1:19-cv-01718-SAB (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED <br><br> (ECF No. 4) <br><br> **THIRTY (30) DAY DEADLINE** |

Plaintiff Billy Driver, Jr. is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 10, 2019. (ECF No. 4)

Currently before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, filed on December 10, 2019. (ECF No. 4.)

## I.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a prisoner has incurred

1

three or more "strikes" (*i.e.*, three or more cases that were dismissed on the grounds that the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted) before filing a new civil action, the prisoner is precluded from proceeding *in forma pauperis* in the new civil action unless the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time the complaint was filed. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007); see Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (explaining that, to qualify for the imminent danger exception under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[]").

## II.

## DISCUSSION

Initially, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action. The Court take judicial notice of the following cases[1]: (1) Driver v. Martel, No. 2:08-cv-01910-GEB-EFB (E.D. Cal.) (dismissed on September 15, 2009 for failure to state a claim); (2) Driver v. Kelso, No. 2:11-cv-02397-EFB (E.D. Cal.) (dismissed on September 12, 2012 for failure to state a claim, after Plaintiff failed to file an amended complaint following a screening order dismissing complaint for failure to state a claim and warning plaintiff that failure to file an amended complaint would result in action being dismissed for failure to state a claim); and (3) Driver v. Epp, No. 2:12-cv-00589-EFB (E.D. Cal.) (dismissed on September 5, 2012 for failure to state a claim). See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) ("Accordingly, we hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."). Therefore, Plaintiff's application to proceed *in forma pauperis* must be denied unless his complaint makes a plausible allegation that he faced "imminent danger of serious physical injury" at the time that he filed his complaint on December 10, 2019. Andrews, 493 F.3d at 1053-56.

---

[1] The Court takes judicial notice of these cases pursuant to Federal Rule of Evidence 201(b)(2). See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005); U.S. el rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

In his complaint, Plaintiff alleges that, on August 12, 2014, correctional staff members at California State Prison, Los Angeles County unlawfully confiscated his legal documents and impeded his constitutional right to access the courts. (ECF No. 1, at 3.) Second, Plaintiff alleges that, on November 22, 2019, a correctional officer at Kern Valley State Prison assisted Plaintiff in filing an ADA accommodation request to obtain funds to hire an attorney so that he can re-file the lawsuit against two California State Prison, Los Angeles County correctional staff members, but his request for an ADA accommodation has not been responded to even though more than two weeks have passed. (Id. at 4.) Third, Plaintiff alleges, under the heading of "Unlaw Keyhea order(s) forced medication/painful injections," that, on January 3, 2017, he received a "115x psych eval notice on 2017 @ CSP-LAC Lieutenant Grave(s) issue order(s) to: reduce 115x and 115 down to (A) 128 Info chrono[.]" (Id. at 5.) Finally, Plaintiff alleges that he did not submit or appeal a request for administrative relief because "imminent danger(s) of more physical harm(s) @ the hand(s) of rogue violent guards." (Id. at 4, 5.)

However, these allegations fail to demonstrate that Plaintiff was in imminent danger of serious physical injury at the time Plaintiff filed his complaint. Andrews, 493 F.3d at 1056-57. Initially, since Plaintiff is no longer incarcerated at California State Prison, Los Angeles County, he cannot be under imminent danger of serious physical injury from persons at California State Prison, Los Angeles County. Further, Plaintiff's allegations regarding unlawful Keyhea orders, forced medication, and painful injections are too vague and conclusory to establish that Plaintiff was in imminent danger of serious physical harm at the time his complaint was filed. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998) (stating that "vague and utterly conclusory assertions" of harm are insufficient to establish imminent danger of serious physical harm under § 1915(g)). Finally, Plaintiff's contentions about being in imminent danger of "more physical harm(s) [at] the hand(s) of rogue violent guards" are conclusory and merely speculative. Blackman v. Mjening, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."). Therefore, since Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), Plaintiff's application to proceed *in forma*

*pauperis* must be denied.  If Plaintiff wishes to proceed with this action, Plaintiff must pre-pay the $400.00 filing fee in full.

### III.
### ORDER AND RECOMMENDATIONS

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 4), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 16, 2019**

UNITED STATES MAGISTRATE JUDGE

4