UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | Case No. 1:19-cv-01718-DAD-SAB (PC) |
| Plaintiff, | ORDER DENYING, WITHOUT PREJUDICE, PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| ADA 1824 PANELS, *et al.*, | (ECF No. 14) |
| Defendants. | |

Plaintiff Billy Driver, Jr. is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed on January 14, 2020. (ECF No. 14.) Plaintiff asserts that the Court should appoint counsel to represent him in this case because he is mentally ill, his access to the prison law library is being obstructed, and he will need the assistance of a lawyer at any jury trial in this case.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. The Court has very limited counsel to appoint in this Division, and therefore, applies the "exceptional circumstances" test. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id.

The Court has considered Plaintiff's request for appointed counsel, but does not find the required exceptional circumstances. First, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Second, Plaintiff's apprehension with pursuing this case on his own, while understandable, is not sufficient grounds for appointing counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.").

Third, a plaintiff that has an ability to reasonably articulate their claims is not entitled to appointment of counsel, regardless of whether the plaintiff has mental health problems. See Warren v. Harrison, 244 F. App'x 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointed counsel because the plaintiff competently presented his claims and attached three pertinent exhibits in response to a court order); Miller v. McDaniel, 124 F. App'x 488, 490 (9th Cir. 2005) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because the plaintiff demonstrated an ability to articulate his claims *pro se*). Here, as in the cases cited above, Plaintiff has shown an ability to articulate his claims and litigate this action in spite of any mental health issues he has. Further, the Court has reviewed Plaintiff's complaint and finds that Plaintiff's claims do not appear to present novel or complex issues of substantive law. Finally, since the Court has not yet

screened Plaintiff's complaint, the Court cannot evaluate Plaintiff's likelihood of success on the merits of his claims.

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 14), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **January 27, 2020**  

_____
UNITED STATES MAGISTRATE JUDGE