UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> ADA 1824 PANELS, *et al.*, <br><br> Defendants. | Case No. 1:19-cv-01718-DAD-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTION TO SET SETTLEMENT TELECONFERENCE AND FOR APPOINTMENT OF COUNSEL <br><br> (ECF No. 21) |

Plaintiff Billy Driver, Jr. is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion requesting that the Court set this case for a settlement teleconference and appoint counsel to represent him at the settlement teleconference. (ECF No. 21.)

However, first, Plaintiff's request to set this matter for a settlement teleconference is premature. On December 16, 2019, the undersigned issued findings and recommendations recommending that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 8.) Plaintiff filed written objections to the findings and recommendations on January 21, 2020. (ECF No. 13.) Plaintiff's application to proceed *in forma pauperis* and the December 16, 2019 findings and recommendations remain pending before the

1

District Judge assigned to this action.  Further, once the District Court either grants Plaintiff's application to proceed *in forma pauperis* or denies Plaintiff's application to proceed *in forma pauperis* and Plaintiff pays the filing fee in full, the Court will then screen Plaintiff's complaint as it is required to do pursuant to 28 U.S.C. § 1915A(a).  Since the Court has not yet screened Plaintiff's complaint, the Court has not yet determined whether Plaintiff has stated at least one cognizable claim for relief.  Additionally, no defendant has appeared in this action.  Therefore, this action is not ready to be set for a settlement conference and, thus, Plaintiff's motion for a settlement teleconference is denied.  Further, the Court's settlement conferences are usually in-person conferences and not via teleconference.

Second, with regards to Plaintiff's motion for appointment of counsel, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).  "Neither of these considerations is dispositive and instead must be viewed together."  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

The Court has considered Plaintiff's request for appointed counsel, but does not find the required exceptional circumstances.  First, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel.  Second, since the Court has not yet screened Plaintiff's complaint, the Court cannot evaluate Plaintiff's

likelihood of success on the merits of his claims.  Third, the Court has reviewed Plaintiff's complaint and finds that Plaintiff's claims do not appear to present novel or complex issues of substantive law and that Plaintiff has shown an ability to articulate his claims and litigate this action.  Therefore, Plaintiff's motion for appointment of counsel must be denied, without prejudice.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to set this case for a settlement teleconference, (ECF No. 21), is DENIED, as premature; and

2. Plaintiff's motion for appointment of counsel, (ECF No. 21), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **February 21, 2020**

UNITED STATES MAGISTRATE JUDGE