**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY DRIVER, JR., <br><br> Plaintiff, <br><br> v. <br><br> ADA 1824 PANELS, *et al.*, <br><br> Defendants. | Case No. 1:19-cv-01718-DAD-SAB (PC) <br><br> ORDER DENYING PLAINTIFF'S MOTIONS TO SET AN EARLY SETTLEMENT TELECONFERENCE, TO SEEK PRELIMINARY AND/OR FINAL APPROVAL OF COLLECTIVE SETTLEMENT TELECONFERENCE, AND FOR APPOINTMENT OF GUARDIAN AD LITEM <br><br> (ECF Nos. 28, 29) |

Plaintiff Billy Driver, Jr. is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's "motion seeking the appointment of a guardian ad litem and motion seeking preliminary and/or final approval of collective settlement(s) teleconference," filed on March 9, 2020. (ECF Nos. 28, 29.)

First, Plaintiff's request to set this matter for a settlement teleconference must be denied. On December 16, 2019, the undersigned issued findings and recommendations recommending that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action. (ECF No. 8.) Plaintiff filed written objections to the findings and recommendations

1

1  on January 21, 2020.  (ECF No. 13.)  Plaintiff's application to proceed *in forma pauperis* and the
2  December 16, 2019 findings and recommendations remain pending before the District Judge
3  assigned to this action.  Further, once the District Court either grants Plaintiff's application to
4  proceed *in forma pauperis* or denies Plaintiff's application to proceed *in forma pauperis* and
5  Plaintiff pays the filing fee in full, the Court will then screen Plaintiff's complaint as it is required
6  to do pursuant to 28 U.S.C. § 1915A(a).  Since the Court has not yet screened Plaintiff's
7  complaint, the Court has not yet determined whether Plaintiff has stated at least one cognizable
8  claim for relief.  Additionally, no Defendant has appeared in this action.  Therefore, this action is
9  not ready to be set for a settlement conference and, thus, Plaintiff's motion for a settlement
10 teleconference is denied.

11          Second, with regards to Plaintiff's motion for appointment of a guardian ad litem, under
12 Federal Civil Procedure Rule 17, courts can appoint a guardian ad litem or issue another
13 appropriate order to protect a minor or incompetent person." Fed. R. Civ. P. 17(c)(2); see also
14 Local Rule 202(a). The Court is under a "legal obligation to consider whether an incompetent
15 person is adequately protected." United States v. 30.64 Acres of Land, 795 F.2d 796, 805 (9th
16 Cir. 1986)); see also Davis v. Walker, 745 F.3d 1303, 1310 n.6 (9th Cir. 2014). However, the
17 obligation of the court to appoint a guardian ad litem pursuant to Rule 17(c) does not arise until
18 after a determination of incompetence has been made by the Court in which the issue was raised.
19 See, e.g., Forte v. County of Merced, 2013 WL 3282957, at *3 (E.D. Cal. June 27, 2013) (citing
20 Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir. 2003)).

21          Plaintiff presents no of incompetence, and the record in this case demonstrates that
22 Plaintiff has shown an ability to articulate his claims and litigate this case.  Accordingly,
23 Plaintiff's motion for appointment of a guardian ad litem shall be denied.
24 ///
25 ///
26 ///
27          Based on the foregoing, it is HEREBY ORDERED that:
28          1.      Plaintiff's motion for appointment of a guardian ad litem, (ECF No. 28), is

DENIED; and

2. Plaintiff's motion to set this case for a settlement teleconference, (ECF No. 29), is DENIED.

IT IS SO ORDERED.

Dated: __May 14, 2020__

UNITED STATES MAGISTRATE JUDGE

3