# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>ADA 1824 PANELS, *et al.*,<br><br>        Defendants. | Case No. 1:19-cv-01718-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT, MOTION FOR ORDER TO SHOW CAUSE, MOTION FOR EXPEDITED REVIEW, AND MOTION TO SHOW CAUSE WHY PRESS SHOULD NOT BE ALLOWED TO COVER PROCEEINDGS<br><br>(ECF Nos. 30, 21, 32, 33) |

Plaintiff Billy Driver, Jr. is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court are Plaintiff's "motion seeking preliminary final approval of collective settlement(s), "motion for order to show cause," "motion for expedited chief judge review," motion for order to show cause why press should not be allowed to cover court proceedings, filed on March 12, 2020. (ECF Nos. 30, 31, 32, 33.) Plaintiff's motions must be denied.

First, as was true in all of Plaintiff's prior motions seeking settlement, on December 16, 2019, the undersigned issued findings and recommendations recommending that Plaintiff's application to proceed *in forma pauperis* be denied pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be ordered to pay the $400.00 filing fee in full in order to proceed with this action. (ECF

1

1    No. 8.)  Plaintiff filed written objections to the findings and recommendations on January 21,
2    2020.  (ECF No. 13.)  Plaintiff's application to proceed *in forma pauperis* and the December 16,
3    2019 findings and recommendations remain pending before the District Judge assigned to this
4    action.  Further, once the District Court either grants Plaintiff's application to proceed *in forma*
5    *pauperis* or denies Plaintiff's application to proceed *in forma pauperis* and Plaintiff pays the
6    filing fee in full, the Court will then screen Plaintiff's complaint as it is required to do pursuant to
7    28 U.S.C. § 1915A(a).  Since the Court has not yet screened Plaintiff's complaint, the Court has
8    not yet determined whether Plaintiff has stated at least one cognizable claim for relief.
9    Additionally, no Defendant has appeared in this action.  Therefore, this action is not ready to be
10   set for a settlement conference and, thus, Plaintiff's motion for a settlement teleconference is
11   denied.

12   　　　　Second, Plaintiff's order to show cause as why he cannot have access to court email, shall
13   be denied.  Plaintiff is advised that pursuant to Local Rule 133, "any person appearing pro se may
14   **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. See
15   L.R. 133(b)(3).  All pro se parties shall file and serve paper documents as required by applicable
16   Federal Rules of Civil or Criminal Procedure or by these Rules."  Local Rule 133(b)(2).
17   Therefore, any communications Plaintiff wishes to send to the Court should be done by way of paper
18   documents, rather than by e-mail.

19   　　　　Third, with regard to Plaintiff's motion for expedited review by the District Judge, it must be
20   denied.  As stated above, Plaintiff's application to proceed *in forma pauperis* and the December
21   16, 2019 findings and recommendations remain pending before the District Judge assigned to this
22   action.  In addition, as noted in the Court's February 4, 2020 order, judges in the Eastern District
23   of California carry the heaviest caseloads in the nation, and this Court is unable to devote
24   inordinate time and resources to individual cases and matters. Thus, Plaintiff's motion will be
25   denied insofar as he seeks to impose different time frames than this court is able to provide.

26   　　　　Lastly, with regard to Plaintiff's motion as to why the press should not be allowed (or
27   requested) to cover the instant proceedings, it must be denied.  Plaintiff is informed that nothing in
28   the Court's rules or any applicable order in the instant action prevents the press or media from

covering the proceedings in this case. As such, the news media, including the specific publications identified in Plaintiff's motion, are free to cover this litigation. To the extent Plaintiff is requesting that the Court issue an order to the press or any specific news media organization to cover this case, the Court lacks jurisdiction to issue such an order to any individual or organization that is not a party to this action. The Court's jurisdiction is limited to the parties in this action and to any viable legal claims upon which this action is proceeding.  <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 491−93 (2009); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010).

      Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking preliminary final approval of collective settlement(s) (ECF No. 30) is denied;

2. Plaintiff's motion for an order to show cause (ECF No. 31) is denied;

3. Plaintiff's motion for expedited review by the District Judge (ECF No. 32) is denied;

4. Plaintiff's motion for an order to show cause why the press should not be allowed to cover the proceedings (ECF No. 33) is denied; and

5. Plaintiff is cautioned that the repeated filing of meritless motions will not be tolerated.  Filing frivolous motions is a waste of the Court's limited judicial resources.  Future filing of frivolous motions will be *summarily denied* absent at least a minimal showing that Plaintiff has meet the requirements necessary for the requested relief.

IT IS SO ORDERED.

Dated: __May 14, 2020__                  _/s/ signature_
                                                    UNITED STATES MAGISTRATE JUDGE