UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, JR., | No. 1:19-cv-01718-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR RECONSIDERATION |
| ADA 1824 PANELS, et al., | (Doc. No. 46) |
| Defendants. | |

Plaintiff Billy Driver Jr. is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 24, 2020, following a *de novo* review of the case, the undersigned adopted the assigned magistrate judge's December 17, 2019 findings and recommendations and ordered plaintiff to pay the required filing fee in full within 21 days in order to proceed with this action. (Doc. No. 40.) The court also warned plaintiff that failure to pay the filing fee would result in dismissal of this action. (*Id.* at 2.) On August 11, 2020, the undersigned dismissed the case without prejudice due to plaintiff's failure to comply with a court order, his failure to prosecute this action, and his failure to pay the required filing fee. (Doc. No. 44.) Judgment was entered accordingly, and the action was closed. (Doc. No. 45.)

/////

1

On July 22, 2020, plaintiff filed the instant motion for relief from a final judgment, pursuant to Federal Rule of Civil Procedure 60(b).[1] (Doc. No. 46.) Plaintiff's motion requests reconsideration of the June 24, 2020 order adopting the findings and recommendations.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See, e.g.*, *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, plaintiff provides no justification for reconsideration of the court's previously entered order and judgment. Plaintiff states that he cannot pay the filing fee because he has yet to receive the monetary damages that he is owed in a civil suit he brought against the State of California. (Doc. No. 46 at 2.) Plaintiff states that he plead imminent danger in his complaint and his timely objections. (*Id.*) However, the undersigned previously reviewed the complaint and plaintiff's objections and concluded that the imminent danger exception does not apply here. (*See* Doc. No. 40 at 2.)

---

[1] Plaintiff's filing was entered on the court's docket on August 31, 2020, after this action was closed. (*See* Doc. No. 46.)

In sum, the instant motion has provided no new or different facts, circumstances, or law that that would justify this court's reconsideration if its previously entered judgment. Accordingly, plaintiff's motion for relief from the judgment pursuant to Rule 60(b) (Doc. No. 46) is denied.

IT IS SO ORDERED.

Dated: **January 25, 2021**              *Dale A. Drozd*
                                        UNITED STATES DISTRICT JUDGE